# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-00046

| | |
|---|---|
| VINCENT KOEHLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| RITE-AID PHARMACY and ) | |
| KV PHARMACEUTICALS, ) | |
| ) | |
| Defendants. ) | |

THIS MATTER is before the Court on Defendants' Motion for to Dismiss [D.I. 4], Plaintiff's Response in Opposition [D.I. 6], and Defendants' Reply [D.I. 7]. The matter is fully briefed and ripe for determination. For the reasons laid out below, Defendants' Motion to Dismiss is **GRANTED**.

## I. Background

As an initial note, Defendants Rite-Aid Pharmacy and KV Pharmaceuticals are misnamed in Plaintiff's Complaint. Eckerd Corporation ("Eckerd") is a wholly owned subsidiary of Rite Aid Corporation and is the correct party Defendant here. Additionally, KV Pharmaceuticals should be named as K-V Pharmaceutical Company ("KV").

This lawsuit arises from Plaintiff's consumption of a prescription medication manufactured by KV and sold to him by Eckerd. Complaint at ¶ 2. Plaintiff alleges that he filled the prescription on May 15, 2008 at a Rite Aid Pharmacy. *Id*. The medication at issue is not named in Plaintiff's Complaint, but appears, from an attached pharmacy record, to be

1

morphine sulfate extended release 30 mg tablets. *Id* at Ex. A. Plaintiff alleges that he became ill with severe nausea and vomiting "during the late week of May 2008" after filling the prescription, that he received a recall notice for the medication on June 20, 2008, that he was diagnosed with a ventral hernia on September 17, 2008, and that he had surgery to repair the hernia on August 19, 2010. *Id* at ¶¶ 3, 5, 10, 13, Ex. K. Plaintiff's Complaint does not specify a cause of action but Plaintiff refers to the medication at issue as "Defective Bad Medicine." *Id* at ¶¶ 5, 12. Plaintiff seeks to recover "all cost[s] for his Medical Care" and "other Monetary Compensation." *Id* at p. 3. Based on the allegations set forth in Plaintiff's Complaint, the Court construes Plaintiff's cause of action to be pharmaceutical product liability.

Plaintiff, proceeding pro se, filed suit in the Superior Court for Mecklenburg County, North Carolina on June 17, 2011 against KV and Eckerd as defendants and the Food & Drug Administration ("FDA") as "guarantor." On July 15, 2011, the FDA removed the case to this Court pursuant to 28. U.S.C. § 1442(a)(1) and the matter was assigned to Chief United States District Judge Robert J. Conrad, Jr. as civil docket number 3:11-cv-00344-RJC-DSC. On August 11, 2011, Defendants KV and Eckerd filed a Motion to Dismiss, arguing that Plaintiff failed to allege a viable products liability claim and that the statute of limitations ran on such claim. On August 18, 2011, the FDA filed a Motion to Dismiss for lack of subject matter jurisdiction. On October 18, 2011, Magistrate Judge David S. Cayer recommended that: (a) Defendants' Motion to Dismiss be granted; (b) the FDA's Motion to Dismiss be granted; (c) Plaintiff's Complaint be dismissed with prejudice; and (d) ordered the proceedings stayed pending the District Judge's ruling on the Memorandum and Recommendation and Order. On January 11, 2012, Judge Conrad granted the FDA's Motion to Dismiss. Judge Conrad remanded

the case to state court after dismissing claims against the FDA and declined to exercise supplemental jurisdiction over Plaintiff's claims against KV and Eckerd. On January 30, 2012, Defendants KV and Eckerd filed a Notice of Removal from the Superior Court of Mecklenburg County, North Carolina to this Court, in which the matter is now pending, pursuant to to 28 U.S.C. §§ 1332, 1441, and 1446.

Defendants now move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Plaintiff's claims on the basis that: (1) Plaintiff's claims are barred by the statute of limitations, and (2) that Plaintiff failed to allege a cognizable product liability claim under North Carolina law. The Court will address only Defendants' statute of limitations argument and finds it unnecessary to address whether Plaintiff alleged a viable product liability claim under applicable state law.

## II. Statute of Limitations

North Carolina has a three-year statute of limitations for claims involving personal injury or bodily harm. *See* N.C. Gen. Stat. § 1-52(16). The statute provides that such claims must be commenced within three years of the date the bodily harm "becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs." *Id*. "Once the statute of limitations begins to run, it continues to run until appropriate judicial process is commenced." *Clark v. Velsicol Chem. Corp.*, 431 S.E.2d 227, 228 (N.C. Ct. App. 1993) (*citing Carl Rose & Sons Ready Mix Concrete, Inc. v. Thorpe Sales Corp.*, 245 S.E.2d 234, 235 (N.C. Ct. App. 1978). "A statute of limitations defense may properly be asserted in a Rule 12(b)(6) motion to dismiss if it appears on the face of the Complaint that such statute bars the claim."

*Horton v. Carolina Medicorp, Inc.*, 472 S.E.2d 778, 780 (N.C. 1996) (*citing Hargett v. Holland*, 447 S.E.2d 784, 786 (N.C. 1994).

Based on an application of the three-year statute of limitations to the case at bar, it is clear on the face of Plaintiff's Complaint that his product liability claim is untimely. Plaintiff filled the prescription at issue on May 15, 2008. Complaint at ¶ 2. He then became ill "during the last week of May 2008." *Id* at ¶ 3. Thus, the date the bodily harm became apparent or ought reasonably to have become apparent falls sometime during the last week of May 2008. The statute of limitations began to run during the last week of May 2008 and expired during the last week of May 2011. Plaintiff, however, did not file his Complaint until June 17, 2011 and his claims are barred by the applicable three-year statute of limitations. Accordingly, Defendants' Motion to Dismiss on the basis of the statute of limitations is **GRANTED AND PLAINTIFF'S COMPLAINT IS DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

Signed: March 15, 2012

Graham C. Mullen
United States District Judge